COPE, J.
This is a petition for certiorari which seeks to quash a shelter order. We grant the petition.
The Department of Children and Family Services filed a petition for court ordered services and protective supervision under Florida Rule of Juvenile Procedure 8.601(2). The petition requested court-ordered services for the mother and the three children, and recommended that the children remain in the home.
At the hearing on the petition, the mother attended and counsel was appointed. After reading the Department’s petition, the trial court concluded that the three children should be removed from the home immediately. Over objection, the trial court entered a shelter order.
The mother filed an emergency motion asserting that the trial court had acted without jurisdiction insofar as the court had ordered shelter care. The mother argued that the trial court should not have acted in the absence of a petition which requested shelter care. The motion also complained of a lack of due process notice, and requested the opportunity to present additional evidence.
At a non-evidentiary hearing, the Department recommended that the two older *1245 children, ages seventeen and fifteen, be returned to the mother. The Department argued that the thirteen-year-old child should remain in shelter care. The trial court accepted the Department’s recommendation. The mother has filed this petition for writ of certiorari.
The mother contends that the trial court was without jurisdiction. We disagree and conclude that the trial court had jurisdiction. The circuit court’s jurisdiction was properly invoked by the filing of the petition for court-ordered services and protective supervision.
The mother contends that the trial court did not have the power to place the child in shelter care, since the pending petition for court-ordered services did not request that relief and the mother made a timely objection. It is our conclusion that the trial court has the power to take immediate action if, in the course of hearing a petition for court-ordered services, the trial court finds that the facts of the case are such that the children are in immediate peril. In that circumstance, the trial court has the authority to take emergency action to place the children in a shelter, even though the pending petition did not request such relief. The court’s authority arises from section 39.402, Florida Statutes (2007).
Under the statute, “A child may not be held in a shelter longer than 24 hours unless an order so directing is entered by the court after a shelter hearing.” Id. § 39.402(8)(a). Thus, in a case in which the trial court takes immediate action to place the children in shelter care, it is necessary that a shelter petition be filed. The Department may file a new shelter petition, or the Department may amend the already-pending petition for court ordered services. See Fla. R. Juv. P. 8.660(c). A shelter hearing must be held within the time specified by the section 39.402 and Florida Rule of Juvenile Procedure 8.655.
The procedural problem now before us is that a shelter order was entered, but there is no pleading which requested shelter care. The mother timely objected on this ground. The court’s emergency shelter order was not followed up with a shelter petition or an amendment requesting shelter care, nor was there a shelter hearing.
We therefore grant the petition as follows. The Department shall amend the petition to include a request for shelter care within seven days of the date of this opinion. A prompt shelter hearing shall be conducted pursuant to section 39.402, Florida Statutes (2007), and rule 8.665. See In the Interest of J.P., 875 So.2d 715, 718-19 (Fla. 2d DCA 2004). We express no opinion on the merits of the parties’ respective positions.
In order to avoid disruption of the living arrangements of the youngest child, the youngest child should remain in her current placement pending the shelter hearing. This opinion is effective immediately and will not be delayed by the filing of a motion for rehearing or other post-decision motion.
Certiorari granted.